IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| STEPHEN ANTHONY BAUDOIN | PLAINTIFF |
| V. | CASE NO. 2:11-CV-16-MTP |
| LAURA STOGNER | DEFENDANT |

CONSOLIDATED WITH

| | |
|---|---|
| STEPHEN ANTHONY BAUDOIN | PLAINTIFF |
| V. | CASE NO. 2:11-CV-17-MTP |
| LAURA STOGNER | DEFENDANT |

**OPINION AND ORDER**

This cause comes before the Court on Defendant Laura Stogner's motion [31] to dismiss for failure to exhaust administrative remedies.[1] The Plaintiff has not responded to the motion; however, the Court adheres to Fifth Circuit precedent that an unopposed motion to dismiss may not be granted absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). Finding no such record, it is necessary for the Court to examine the merits of the Plaintiff's claims rather than to simply grant the Defendant's motion as unopposed. After careful review of the motion and applicable law, the Court finds that this case should be dismissed for the reasons set forth below.

---

[1] By Order dated February 1, 2012 the Court consolidated Civil Action Nos. 2:11-cv-16 and 2:11-cv-17. Doc. 25. The instant motion to dismiss is docketed as Doc. [40] in Civil Action No. 2:11-cv-16 and as Doc. [31] in Civil Action No. 2:11-cv-17.

1

Facts and Procedural History

Plaintiff Stephen Anthony Baudoin, proceeding *pro se* and *in forma pauperis,* filed his 42 U.S.C. § 1983 complaint in this Court on January 24, 2011. This lawsuit arises from events, which occurred while Baudoin was a pre-trial detainee at Marion Walthall Correctional Facility ("MWCF") in Columbia, Mississippi. Baudoin was housed at MWCF from April 2010 to April 2011. The defendant in this case, Laura Stogner, is a nurse at MWCF.

In his complaint and as clarified by his testimony at the *Spears*[2] hearing, Baudoin alleges that Nurse Stogner administered a tuberculosis test on him in December 2010. Baudoin believed the test was free of charge; however, his inmate account was charged $6.00 for the test. After learning of the charge, Baudoin complained to Nurse Stogner. The charge was not removed from his account. Baudoin did not follow the grievance procedure at MWCF, but instead initiated the instant lawsuit. He requests that Stogner return $6.00 to his inmate account. In addition, the Plaintiff asserts a claim against Stogner for the way in which she administered the tuberculosis test and measured the results. Baudoin argues that Stogner was negligent, but states that she did not wrongfully administer the test or measure its results in any deliberate or purposeful manner. The Plaintiff seeks $2,700,000 in damages for his medical claim.

Legal Authority

The exhaustion provision under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) states as follows:

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (stating that the claims made by a plaintiff during an Ominibus hearing supercede those alleged in the complaint). A *Spears* hearing was held in this case on May 30, 2012.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision applies to "all inmate suits about prison life." *Porter*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed. 2d 12 (2002). The main purpose of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court…" *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed. 2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

Discussion

In support of her motion, Stogner submits the Inmate Grievance Procedure used by MWCF to "administratively remedy" inmate complaints and grievances. Doc. [31-2] at 3. The procedure requires inmates wishing to file a complaint to first (1) request a grievance form from the on-duty jailer; then, (2) complete the top and bottom portions of the form, detailing the incident, parties involved, and what actions would be required to resolve the issue. Doc. [31-2] at 4. Thereafter, the "deputy on duty will enter the required information on the lower portion of the form and return it to the inmate as his recipient." *Id*. Following this, a panel reviews the grievance form and renders a decision. *Id.* Prisoners are able to appeal unfavorable decisions to the sheriff. *Id*.

The record in this case does not show that Baudoin filed any grievances with regard to the claims he asserts against Nurse Stogner. In its June 1, 2012 Omnibus Order, the Court instructed the Defendant to perform a search to determine whether there were any documents requesting administrative remedy related to the events giving rise to this lawsuit.[3] The Defendant completed its investigative search, but was unable to find any such material. *See* Doc.

---

[3] The Ominibus Order was filed as Doc. [37] in Civil Action No. 2:11-cv-16.

[30].  The Plaintiff does not allege that he followed the MWCF Inmate Grievance Procedure.  It appears that Baudoin only complained to Nurse Stogner regarding the charge to his inmate account.  After the charge was not removed, Baudoin filed this lawsuit without availing himself to the Inmate Grievance Procedure.  Since Baudoin did not exhaust the available administrative remedy, he failed to comply with the PLRA.  Accordingly, he cannot maintain this lawsuit.

Based on the foregoing, the Court finds that the Defendant's motion to dismiss for failure to exhaust is well taken and shall be granted.  A separate judgment will be entered this day as required under Fed. R. Civ. P. 58.

This the 24th day of September, 2012.

/s/MICHAEL T. PARKER
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI